**Henry A. SACILOTTO, Appellant,**

v.

**NATIONAL SHIPPING CORPORA-TION et al., Appellees.**

**No. 74–1952.**

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1975.

Decided Aug. 6, 1975.

Joseph F. Lentz, Jr., Baltimore, Md., for appellant.

Richard R. Jackson, Jr., Paul V. Niemeyer, Baltimore, Md. (Piper & Marbuury, Robert V. Barton, Jr., Ober, Grimes & Shriver, R. Roger Drechsler, David R. Owen, Francis J. Gorman, Semmes, Bowen & Semmes, Donald C. Allen, J. Edward Martin, Jr., Theodore B. Oshrine, Allen, Theiblot & Alexander, Baltimore, Md., on brief), for appellee.

Before CRAVEN and FIELD, Circuit Judges, and CLARKE, * District Judge.

CRAVEN, Circuit Judge:

Henry A. Sacilotto brought suit in district court seeking to invoke the admiralty jurisdiction, 28 U.S.C. § 1333, and the diversity jurisdiction, 28 U.S.C. § 1332, in order to raise claims for an injury incurred while Sacilotto was helping to load defendant's ship, the SS CHENAB. The district court dismissed the suit on its finding that it had neither diversity

* Sitting by designation.

nor admiralty jurisdiction. Sacilotto has not challenged the ruling on the diversity point, and we agree with the district court that it had no admiralty jurisdiction. The dismissal is therefore affirmed.

The district court found the following facts bearing on the issue of jurisdiction:

The essential facts of this case are undisputed. Plaintiff, a longshoreman, was engaged in the loading process as an employee of the stevedore (third party defendant), John T. Clark & Co. At the time of the occurrence in question, Plaintiff and his work gang were endeavoring to remove from an open top gondola car, which was sitting alongside the SS Chenab, twenty foot long steel billets measuring four inches by four inches in width. These billets had been placed in the gondola car by the shipper in two stacks, for balance, one over each set of wheels, and were stacked loosely or had been placed in the gondola car with wooden chocks to separate them while still red hot, *causing the chocks to burn out. In any event, they were 'dumped in there loose'* (Plaintiff's deposition at p. 12) at the time of the unloading of the gondola and loading of the ship.

Plaintiff's job on this particular day was to take a 'breaking out' wire and place it underneath eighteen billets at a time which were then lifted up slightly allowing Plaintiff to put a wooden chock under the bunch. The lifting was performed by the ship's boom. Normally, after the chock is put in, the billets are lifted higher and the wire is moved further along to prevent slippage and then a chock is placed under the other end of the batch by another longshoreman to allow chains to be placed around the group of billets for lifting onto the ship. When the billets were lifted after chocking, a loose billet, one not in the batch being lifted, *which had been bowed from the weight of the billets above it, sprang up and hit Plaintiff injuring him.* (Plaintiff's deposition at

p. 26). According to Plaintiff, the actual cause of the accident was the failure to have chocks between the billets while in the gondola car and thus allowing such a bowing to occur from the weight of the billets scattered above it. (Plaintiff's deposition at pp. 32–35). He testified that such bowing *often occurs in unchocked loads but is unlikely to occur when chocks are properly placed between them.* (Plaintiff's deposition at p. 34). He further testified that the unloading was being done in the normal manner and that the ship's gear was working properly. (Plaintiff's deposition at pp. 25–26).

(emphasis in district court opinion).

The district court discussed the Supreme Court's decisions in *Gutierrez v. Waterman S.S. Corp.*, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1962) and *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971), which it considered controlling, and concluded that it lacked admiralty jurisdiction:

[T]he steel billets had not as yet been rendered cargo and were therefore not an appurtenance of the ship so that this shorebased injury is not within the shoreward extension of admiralty jurisdiction occasioned by the Act as articulated by the *Gutierrez* case. . . . The defect of being improperly placed in the gondola car while alongside the ship awaiting loading onto the ship is not a breach of the stowage warranty (for indeed it was the shipper, not the ship, who stowed the billets in the gondola improperly) nor is it an injury caused by the ship or its appurtenances (since the clear cause of the injury was the manner in which the billets were stowed in the gondola).

■ In another opinion released today, *Pryor v. American President Lines*, 4 Cir., 520 F.2d 974, we held that the substantive admiralty law did not apply to facts very similar to those here. That case controls this one. For the reasons developed at length in *Pryor* an injury proximately caused by some defect in a

shipment of goods (whether packaging, as alleged in *Pryor*, or stacking, as alleged here) that has not yet become ship's cargo, where the ship's gear or its operation is in no way culpable even though it is involved in a cause-in-fact sense, does not give rise to a claim in admiralty. It does not come within the traditional locality rule circumscribing admiralty's substantive jurisdiction, and the Admiralty Extension Act does not bring it within that jurisdiction.

In *Pryor* the district court had jurisdiction based on diversity of citizenship. Our holding was that the court could not apply the principles of admiralty law, including the doctrine of unseaworthiness. In this case, the fact that substantive admiralty law does not apply means that the court below lacked jurisdiction. Diversity was absent, and § 1333 by its terms gives jurisdiction only to claims arising in admiralty. *See generally Pryor, supra*, at n. 1 & 2. Sacilotto is therefore relegated to state courts and state law.

*Affirmed.*